UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MICHAEL L. ACTON, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. 3:24-cv-180 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| STATE FARM FIRE & CASUALTY COMPANY, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ENTRY AND ORDER GRANTING DEFENDANT STATE FARM FIRE & CASUALTY COMPANY'S PARTIAL MOTION TO DISMISS OR STRIKE PORTIONS OF PLAINTIFFS' AMENDED COMPLAINT (DOC. NO. 39)**

Currently before the Court is Defendant State Farm Fire & Casualty Company's Partial Motion to Dismiss or Strike Portions of Plaintiffs' Amended Complaint (the "Motion") (Doc. No. 39).

By way of background, on October 27, 2025, the Court granted Plaintiffs in this insurance dispute leave to amend their complaint for purposes of naming a real party in interest, Plaintiff Northridge Condominium III ("Northridge"). (Doc. No. 35.) In requesting this amendment, Plaintiffs submitted a proposed amended complaint, which only referenced two insurance policies that were subject to dispute here. (*See* Doc. No. 32 at PageID 126-34.) On November 3, 2025, Plaintiffs filed their First Amended Complaint (the "Amended Complaint") (Doc. No. 36). Therein, Plaintiffs made allegations regarding Defendant State Farm Fire & Casualty Company's ("State Farm") liability under a third insurance policy that was not so much as mentioned in Plaintiffs' proposed amendment. (*Compare* Doc. No. 32 at PageID 127, *and* Doc. No. 36 at

1

PageID 157.)  By its Motion, State Farm seeks to have all references to this third policy stricken from the Amended Complaint, as the inclusion of that policy in the Amended Complaint exceeds the scope of the Court's granted leave to amend.  (Doc. No. 39 at PageID 182-83.)  The Court agrees and, noting that Plaintiffs have not responded to State Farm's contentions, will **GRANT** State Farm's Motion.

"[M]otions to strike are generally disfavored, but are within the sound discretion of the trial court."  *Fed. Sav. And Loan Ins. Corp. v. Burdette*, 718 F. Supp. 649, 662 (E.D. Tenn. 1989) (citations omitted).  To this end, courts have exercised their discretion to strike an amended complaint where the plaintiff's amendment exceeded the scope of the court's leave to file.  *Helms v. Nationwide Ins. Co. of Am.*, 280 F.R.D. 354, 360 (S.D. Ohio 2012) (citing *Keithley Instruments*, 599 F. Supp. 2d 908, 912 (N.D. Ohio 2009); *accord Graves v. Mahoning Cnty.*, No. 4:10-cv-2821, 2011 WL 3703950, at *4 (N.D. Ohio Aug. 23, 2011)).  Here, the Court granted Plaintiffs leave to amend their complaint for the sole purpose of naming a real party in interest.  Instead, Plaintiffs filed an amended complaint that went on to place a new insurance policy at issue in this case.  The Court finds no need to expound further.  On its face, Plaintiffs Amended Complaint exceeds the scope of the Court's granted leave to amend for purposes of naming a real party in interest.

Accordingly, Defendant State Farm Fire & Casualty Company's Partial Motion to Dismiss or Strike Portions of Plaintiffs' Amended Complaint (Doc. No. 39) is **GRANTED**.  The Court hereby **STRIKES** any-and-all reference to State Farm Policy No. 35-GB-W164-3, a Personal Liability Umbrella Policy, from the Amended Complaint.  If Plaintiffs wish to amend their complaint to include allegations pertaining to State Farm Policy No. 35-GB-W164-3, they shall seek leave of Court to do so.  Otherwise, Plaintiffs shall file a proper amended complaint which conforms to the leave previously granted no later than Friday, December 19, 2025.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, December 15, 2025.

                                                                     s/Thomas M. Rose

                                                                     THOMAS M. ROSE  
                                            UNITED STATES DISTRICT JUDGE